```
 1  JOHN F. BAZAN, State Bar No. 208509
    BAZAN HUERTA & ASSOCIATES
 2  5345 E. Olympic Blvd.
    Los Angeles, California 90022
 3  Telephone (323) 725-7193
    Facsimile (323) 725-7183
 4

 5  Attorneys for Defendant
    Jose L. Marin
 6

 7

 8                  UNITED STATES DISTRICT COURT

 9                  CENTRAL DISTRICT OF CALIFORNIA

10
    JASON O. WATSON,                    )
11                                      ) Case No:   LACV11-5566
         Plaintiff,                     )
12                                      ) ANSWER OF JOSE L. MARIN TO
    Vs.                                 ) COMPLAINT
13                                      )
                                        )
14  JOSE L. MARIN, JOHN C. GREEN,       )
    LOUIS J. LOPEZ, JOHN C. PYLE, ZUMA  )
15  PRESS, INC. MAINSTREAM DATA, INC.,  )
    and JOHN DOES 1-10,                 )
16                                      )
                                        )
17       Defendants.                    )
    _____
```

Comes now Defendant Jose L. Marin (hereinafter "Defendant"), severing himself from each and every other defendant, hereby answer the complaint ("Complaint") of Jason O. Watson (hereinafter "Plaintiff") as follows:

1. Answering defendant generally and specifically denies each and every allegation of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

2. The Complaint, and each and every purported cause of action contained therein fails to state facts sufficient to constitute a cause of action against this answering Defendant.

Printed on Recycled Paper

1

**SECOND AFFIRMATIVE DEFENSE**

3. The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by reason of the applicable statutes of limitation, including, but not limited to, the statue of limitations set forth in 17 U.S.C. Section 507 et. seq.

**THIRD AFFIRMATIVE DEFENSE**

4. This answering Defendant alleges that any and all events and damages, if any, referred to in plaintiff's Complaint were proximately caused or contributed to by the negligence and fault of plaintiff in that plaintiff did not exercise ordinary care in his own behalf at the time and places referred to in the Complaint. Therefore, plaintiff is completely barred from recovery herein. In the alternative, under the doctrine of pure comparative negligence and fault, said acts of plaintiff reduces it's right to recovery herein by the amount in which said acts contributed to their damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

5. This answering Defendant is informed and believes and based thereon alleges that any and all events and happenings in connection with the matters alleged in the Complaint, and the resulting injuries and damages, purportedly suffered by the plaintiff, if any, were proximately caused and contributed to by the independent, intervening, negligent and unlawful conduct of independent third parties and/or their agents, which therefore bars plaintiff from recovering the damages sought in the Complaint from this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

6. If it should be found that this answering Defendant is in any manner legally responsible for injuries or damages sustained by plaintiff, if any, which supposition is not admitted but merely stated for the purpose of this affirmative defense, it should be found that any injuries and/or damages determined to have been incurred or suffered by plaintiff in this action were proximately caused or contributed to by other defendants in this case, whether served or not served and/or proximately caused or contributed to by other persons or entities not parties to this action.  Accordingly, this answering Defendant is entitled to a finding that the negligence and/or fault and/or unreasonable conduct or each of the aforesaid persons and/or entities, whether parties to this action or not, shall be determined, apportioned and prorated, and that any judgment which is rendered against this answering Defendant shall be reduced not only by the degree of comparative negligence of the plaintiffs, but also shall be reduced by the percentage of negligence and/or fault and/or unreasonable conduct attributed to the aforesaid other defendants an/or third person or entities, whether parties to this action or not.

### SIXTH AFFIRMATIVE DEFENSE

7. Plaintiff failed to mitigate his alleged damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

8. Plaintiff is not entitled to any relief under the doctrine of unclean hands.

Printed on Recycled Paper

ANSWER OF JOSE L. MARIN TO COMPLAINT

|   |   |
|---|---|
| 1 | **EIGHT AFFIRMATIVE DEFENSE** |
| 2 | 9. Plaintiff cannot prove a violation of copyright under |
| 3 | Feist Pub. V. Rural Tel. Serv. (1991) 499 U.S. 340. |
| 4 | **NINTH AFFIRMATIVE DEFENSE** |
| 5 | 10. Plaintiff is entitled to de minimus damages, if any, |
| 6 | under 17 U.S.C. Section 504(b) and 511(b). |
| 7 | **TENTH AFFIRMATIVE DEFENSE** |
| 8 | 11. The actions of Defendant were exempt under 17 U.S.C. |
| 9 | Section 100(5). |
| 10 | **ELEVENTH AFFIRMATIVE DEFENSE** |
| 11 | 12. No Act or conduct of this answering Defendant caused |
| 12 | any damage or injury to plaintiff. |
| 13 | **TWELFTH AFFIRMATIVE DEFENSE** |
| 14 | 13. This answering Defendant at all times acted in a |
| 15 | proper, lawful and legally permitted fashion without malice or |
| 16 | oppression; they exercised and possessed that degree of skill, and |
| 17 | therefore there is no basis upon which an award of general and/or |
| 18 | special and/or exemplary damages against this answering Defendants |
| 19 | can be supported. |
| 20 | **THIRTEENTH AFFIRMATIVE DEFENSE** |
| 21 | 14. There was not meeting of the minds between Plaintiff and |
| 22 | Defendant, in that, Defendant sent Plaintiff his standard |
| 23 | Photographer Representative Agreement but Defendant completed |
| 24 | altered the agreement.  Defendant notified Plaintiff that he would |
| 25 | not accept the agreement as altered by Plaintiff.  There is no |
| 26 | fully executed copy of the agreement executed between the parties. |
| 27 | After Plaintiff was notified that his altered agreement was not |
| 28 |   |

Printed on Recycled Paper

4

ANSWER OF JOSE L. MARIN TO COMPLAINT

acceptable, Plaintiff began to send "batches of photographs" to Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. No Act or conduct of this answering Defendant caused any damage or injury to plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff is not entitled to any relief based on abandonment of copyright.

### SIXTEENTH AFFIRMATIVE DEFENSE

17. Defendant has a statutory right of fairs use of copyright under 17 U.S.C. Section 107.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs action is barred under 17 U.S.C. Section 506(b) et. seq.

WHEREFORE this answering Defendant prays for judgment as follows:

1. That plaintiff takes nothing by his Complaint
2. For cost of suit herein;
3. For reasonable attorney fees; and
4. For such other and further relief as the Court may deem proper and just.

Dated: September 8, 2011                    BAZAN HUERTA & ASSOCIATES

By: _____
John F. Bazan, Attorney for Defendant, Jose L. Marin

Printed on Recycled Paper

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is BAZAN HUERTA & ASSOCIATES 5345 East Olympic Boulevard, Los Angeles, CA 90022.

On September 12, 2011, I served the following document described as:

**ANSWER OF JOSE L. MARIN TO COMPLAINT**

[x]  By placing a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

> Carolyn E. Wright, Esq.
> PO Box 430
> Glenbrook, Nevada 89413

[x]  In the ordinary course of business, I deposited the foregoing envelope(s) with the U.S. Postal Service on that same day with postage thereon fully prepaid at Whittier, California.

[ ] the ordinary course of business, I faxed the above documents to

[ ]  I inserted the foregoing envelopes in appropriate packages for overnight delivery by U.S. Mail with postage thereon fully prepaid at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Proof of Service was executed this 12th day of September 2011, in Los Angeles, California.

_____
John F. Bazan

Proof of Service
1

Printed on Recycled Paper