2011-OCT-05  13:25    FROM-ABC LEGAL SERVICES          +2132539413          T-799   P.002/002   F-874

FILED

'11 OCT -5 PM 2:01

CLERK US DISTRICT COURT
FOR THE CALIF

BY _____

1  Ray K. Shahani, Esq.    SBN 160,814
   Attorney at Law
2  Twin Oaks Office Plaza
   477 Ninth Avenue, Suite 112
3  San Mateo, California 94402-1854
   Telephone: (650) 348-1444
4  Facsimile: (650) 348-8655

5  Attorney for Defendants
   JOHN C. GREEN, LOUIS J. LOPEZ and JOHN C. PYLE
6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10  JASON O. WATSON,                    |  Case No:    LACV11-5566  SJO (RZx)
                                        |
11          Plaintiff                   |  ANSWER OF JOHN C. GREEN, LOUIS J.
                                        |  LOPEZ and JOHN C. PYLE TO
12          vs.                         |  COMPLAINT AND COUNTERCLAIMS
                                        |
13  JOSE L. MARIN, JOHN C. GREEN, LOUIS |
    J. LOPEZ, JOHN C. PYLE, ZUMA PRESS, |
14  INC., MAINSTREAM DATA, INC., AND    |  JURY TRIAL DEMANDED
    JOHN DOES 1-10,                     |
15                                      |
            Defendants                  |
16  _____ |
                                        |
17  JOHN C. GREEN, LOUIS J. LOPEZ, JOHN |
    C. PYLE,                            |
18                                      |
            Counterclaimants            |
19                                      |
            vs.                         |
20                                      |
    JASON O. WATSON, AND DOES 1-10,     |
21                                      |
            Counterdefendants           |
22

23       COME NOW Defendants JOHN C. GREEN, LOUIS J. LOPEZ, JOHN C. PYLE

24  (hereafter collectively "CAL SPORT MEDIA"), severing themselves from each and every other

25  Defendant and in their individual capacities, and herewith answer the Complaint of JASON O.

26  WATSON (hereafter "Plaintiff") as follows:

27       1.    Answering Paragraph 1 of Plaintiff's Complaint, CAL SPORT MEDIA is

28  without sufficient knowledge or information to form a belief as to the truth of the allegations

Answer to Complaint and Counterclaims                                    Page 1 of 21
Watson v. Marin et al.                              CSM.AnswerCounterclaim 100311-2.wpd

1   contained in said paragraph, and on that basis denies each and every allegation contained therein.

2       2.       Answering Paragraph 2 of Plaintiff's Complaint, CAL SPORT MEDIA is

3   without sufficient knowledge or information to form a belief as to the truth of the allegations

4   contained in said paragraph, and on that basis denies each and every allegation contained therein.

5       3.       Answering Paragraph 3 of Plaintiff's Complaint, CAL SPORT MEDIA is

6   without sufficient knowledge or information to form a belief as to the truth of the allegations

7   contained in said paragraph, and on that basis denies each and every allegation contained therein.

8       4.       Answering Paragraph 4 of Plaintiff's Complaint, CAL SPORT MEDIA is

9   without sufficient knowledge or information to form a belief as to the truth of the allegations

10  contained in said paragraph, and on that basis denies each and every allegation contained therein.

11      5.       Answering Paragraph 5 of Plaintiff's Complaint, CAL SPORT MEDIA is

12  without sufficient knowledge or information to form a belief as to the truth of the allegations

13  contained in said paragraph, and on that basis denies each and every allegation contained therein.

14      6.       Answering Paragraph 6 of Plaintiff's Complaint, CAL SPORT MEDIA admits

15  John C. Green is a citizen of Beaumont, California, who owns and operates Cal Sport Media in

16  partnership with Louis J. Lopez and John C. Pyle.

17      7.       Answering Paragraph 6 of Plaintiff's Complaint, CAL SPORT MEDIA admits

18  Louis J. Lopez is a citizen of Fontana, California, who owns and operates Cal Sport Media in

19  partnership with John C. Green and John C. Pyle.

20      8.       Answering Paragraph 6 of Plaintiff's Complaint, CAL SPORT MEDIA admits

21  John C. Pyle is a citizen of Buellton, California, who owns and operates Cal Sport Media in

22  partnership with John C. Green and Louis J. Lopez.

23      9.       Answering Paragraph 9 of Plaintiff's Complaint, CAL SPORT MEDIA is

24  without sufficient knowledge or information to form a belief as to the truth of the allegations

25  contained in said paragraph, and on that basis denies each and every allegation contained therein.

26      10.      Answering Paragraph 10 of Plaintiff's Complaint, CAL SPORT MEDIA is

27  without sufficient knowledge or information to form a belief as to the truth of the allegations

28  contained in said paragraph, and on that basis denies each and every allegation contained therein.

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 2 of 21
CSM AnswerCounterclaim 100311-2.wpd

11.     Answering Paragraph 11 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12.     Answering Paragraph 12 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.     Answering Paragraph 13 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14.     Answering Paragraph 14 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.     Answering Paragraph 15 of Plaintiff's Complaint, CAL SPORT MEDIA denies each and every allegation contained therein.

16.     Answering Paragraph 16 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17.     Answering Paragraph 17 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.     Answering Paragraph 18 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.     Answering Paragraph 19 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20.     Answering Paragraph 20 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 3 of 21
CSM AnswerCounterclaim 100311-2.wpd

1    contained in said paragraph, and on that basis denies each and every allegation contained therein.

2        21.     Answering Paragraph 21 of Plaintiff's Complaint, CAL SPORT MEDIA is

3    without sufficient knowledge or information to form a belief as to the truth of the allegations

4    contained in said paragraph, and on that basis denies each and every allegation contained therein.

5        22.     Answering Paragraph 22 of Plaintiff's Complaint, CAL SPORT MEDIA re-

6    alleges each of his prior responses to the paragraph re-alleged therein.

7        23.     Answering Paragraph 23 of Plaintiff's Complaint, CAL SPORT MEDIA is

8    without sufficient knowledge or information to form a belief as to the truth of the allegations

9    contained in said paragraph, and on that basis denies each and every allegation contained therein.

10       24.     Answering Paragraph 24 of Plaintiff's Complaint, CAL SPORT MEDIA is

11   without sufficient knowledge or information to form a belief as to the truth of the allegations

12   contained in said paragraph, and on that basis denies each and every allegation contained therein.

13       25.     Answering Paragraph 25 of Plaintiff's Complaint, CAL SPORT MEDIA is

14   without sufficient knowledge or information to form a belief as to the truth of the allegations

15   contained in said paragraph, and on that basis denies each and every allegation contained therein.

16       26.     Answering Paragraph 26 of Plaintiff's Complaint, CAL SPORT MEDIA is

17   without sufficient knowledge or information to form a belief as to the truth of the allegations

18   contained in said paragraph, and on that basis denies each and every allegation contained therein.

19       27.     Answering Paragraph 27 of Plaintiff's Complaint, CAL SPORT MEDIA is

20   without sufficient knowledge or information to form a belief as to the truth of the allegations

21   contained in said paragraph, and on that basis denies each and every allegation contained therein.

22       20.     Answering Paragraph 20 of Plaintiff's Complaint, CAL SPORT MEDIA is

23   without sufficient knowledge or information to form a belief as to the truth of the allegations

24   contained in said paragraph, and on that basis denies each and every allegation contained therein.

25       28.     Answering Paragraph 28 of Plaintiff's Complaint, CAL SPORT MEDIA is

26   without sufficient knowledge or information to form a belief as to the truth of the allegations

27   contained in said paragraph, and on that basis denies each and every allegation contained therein.

28       29.     Answering Paragraph 29 of Plaintiff's Complaint, CAL SPORT MEDIA re-

alleges each of his prior responses to the paragraph re-alleged therein.

30.     Answering Paragraph 30 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.     Answering Paragraph 31 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32.     Answering Paragraph 32 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33.     Answering Paragraph 33 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34.     Answering Paragraph 34 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35.     Answering Paragraph 35 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36.     Answering Paragraph 36 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37.     Answering Paragraph 37 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38.     Answering Paragraph 38 of Plaintiff's Complaint, CAL SPORT MEDIA re-alleges each of his prior responses to the paragraph re-alleged therein.

39.     Answering Paragraph 39 of Plaintiff's Complaint, CAL SPORT MEDIA is

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 5 of 21
CSM AnswerCounterclaim 100311-2.wpd

1   without sufficient knowledge or information to form a belief as to the truth of the allegations
2   contained in said paragraph, and on that basis denies each and every allegation contained therein.

3         40.      Answering Paragraph 40 of Plaintiff's Complaint, CAL SPORT MEDIA is
4   without sufficient knowledge or information to form a belief as to the truth of the allegations
5   contained in said paragraph, and on that basis denies each and every allegation contained therein.

6         41.      Answering Paragraph 41 of Plaintiff's Complaint, CAL SPORT MEDIA is
7   without sufficient knowledge or information to form a belief as to the truth of the allegations
8   contained in said paragraph, and on that basis denies each and every allegation contained therein.

9         42.      Answering Paragraph 42 of Plaintiff's Complaint, CAL SPORT MEDIA is
10  without sufficient knowledge or information to form a belief as to the truth of the allegations
11  contained in said paragraph, and on that basis denies each and every allegation contained therein.

12        43.      Answering Paragraph 43 of Plaintiff's Complaint, CAL SPORT MEDIA is
13  without sufficient knowledge or information to form a belief as to the truth of the allegations
14  contained in said paragraph, and on that basis denies each and every allegation contained therein.

15        44.      Answering Paragraph 44 of Plaintiff's Complaint, CAL SPORT MEDIA is
16  without sufficient knowledge or information to form a belief as to the truth of the allegations
17  contained in said paragraph, and on that basis denies each and every allegation contained therein.

18        45.      Answering Paragraph 45 of Plaintiff's Complaint, CAL SPORT MEDIA is
19  without sufficient knowledge or information to form a belief as to the truth of the allegations
20  contained in said paragraph, and on that basis denies each and every allegation contained therein.

21        46.      Answering Paragraph 46 of Plaintiff's Complaint, CAL SPORT MEDIA re-
22  alleges each of his prior responses to the paragraph re-alleged therein.

23        47.      Answering Paragraph 47 of Plaintiff's Complaint, CAL SPORT MEDIA is
24  without sufficient knowledge or information to form a belief as to the truth of the allegations
25  contained in said paragraph, and on that basis denies each and every allegation contained therein.

26        48.      Answering Paragraph 48 of Plaintiff's Complaint, CAL SPORT MEDIA is
27  without sufficient knowledge or information to form a belief as to the truth of the allegations
28  contained in said paragraph, and on that basis denies each and every allegation contained therein.

49.     Answering Paragraph 49 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

50.     Answering Paragraph 50 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

51.     Answering Paragraph 51 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

52.     Answering Paragraph 52 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

53.     Answering Paragraph 53 of Plaintiff's Complaint, CAL SPORT MEDIA re-alleges each of his prior responses to the paragraph re-alleged therein.

54.     Answering Paragraph 54 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

55.     Answering Paragraph 55 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

56.     Answering Paragraph 56 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

57.     Answering Paragraph 57 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

58.     Answering Paragraph 58 of Plaintiff's Complaint, CAL SPORT MEDIA is without sufficient knowledge or information to form a belief as to the truth of the allegations

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 7 of 21
CSM AnswerCounterclaim 100311-2.wpd

1    contained in said paragraph, and on that basis denies each and every allegation contained therein.

2         59.      Answering Paragraph 59 of Plaintiff's Complaint, CAL SPORT MEDIA is

3    without sufficient knowledge or information to form a belief as to the truth of the allegations

4    contained in said paragraph, and on that basis denies each and every allegation contained therein.

5         60.      Answering Paragraph 60 of Plaintiff's Complaint, CAL SPORT MEDIA is

6    without sufficient knowledge or information to form a belief as to the truth of the allegations

7    contained in said paragraph, and on that basis denies each and every allegation contained therein.

8         61.      Answering Paragraph 61 of Plaintiff's Complaint, CAL SPORT MEDIA is

9    without sufficient knowledge or information to form a belief as to the truth of the allegations

10    contained in said paragraph, and on that basis denies each and every allegation contained therein.

11         62.      Answering Paragraph 62 of Plaintiff's Complaint, CAL SPORT MEDIA re-

12    alleges each of his prior responses to the paragraph re-alleged therein.

13         63.      Answering Paragraph 63 of Plaintiff's Complaint, CAL SPORT MEDIA is

14    without sufficient knowledge or information to form a belief as to the truth of the allegations

15    contained in said paragraph, and on that basis denies each and every allegation contained therein.

16         64.      Answering Paragraph 64 of Plaintiff's Complaint, CAL SPORT MEDIA is

17    without sufficient knowledge or information to form a belief as to the truth of the allegations

18    contained in said paragraph, and on that basis denies each and every allegation contained therein.

19         65.      Answering Paragraph 65 of Plaintiff's Complaint, CAL SPORT MEDIA is

20    without sufficient knowledge or information to form a belief as to the truth of the allegations

21    contained in said paragraph, and on that basis denies each and every allegation contained therein.

22         66.      Answering Paragraph 66 of Plaintiff's Complaint, CAL SPORT MEDIA is

23    without sufficient knowledge or information to form a belief as to the truth of the allegations

24    contained in said paragraph, and on that basis denies each and every allegation contained therein.

25         67.      Answering Paragraph 67 of Plaintiff's Complaint, CAL SPORT MEDIA is

26    without sufficient knowledge or information to form a belief as to the truth of the allegations

27    contained in said paragraph, and on that basis denies each and every allegation contained therein.

28         68.      Answering Paragraph 68 of Plaintiff's Complaint, CAL SPORT MEDIA is

1   without sufficient knowledge or information to form a belief as to the truth of the allegations

2   contained in said paragraph, and on that basis denies each and every allegation contained therein.

3        69.    Answering Paragraph 69 of Plaintiff's Complaint, CAL SPORT MEDIA is

4   without sufficient knowledge or information to form a belief as to the truth of the allegations

5   contained in said paragraph, and on that basis denies each and every allegation contained therein.

6        70.    Answering Paragraph 70 of Plaintiff's Complaint, CAL SPORT MEDIA is

7   without sufficient knowledge or information to form a belief as to the truth of the allegations

8   contained in said paragraph, and on that basis denies each and every allegation contained therein.

9        71.    Answering Paragraph 71 of Plaintiff's Complaint, CAL SPORT MEDIA re-

10  alleges each of his prior responses to the paragraph re-alleged therein.

11       72.    Answering Paragraph 72 of Plaintiff's Complaint, CAL SPORT MEDIA is

12  without sufficient knowledge or information to form a belief as to the truth of the allegations

13  contained in said paragraph, and on that basis denies each and every allegation contained therein.

14       73.    Answering Paragraph 73 of Plaintiff's Complaint, CAL SPORT MEDIA is

15  without sufficient knowledge or information to form a belief as to the truth of the allegations

16  contained in said paragraph, and on that basis denies each and every allegation contained therein.

17       74.    Answering Paragraph 74 of Plaintiff's Complaint, CAL SPORT MEDIA is

18  without sufficient knowledge or information to form a belief as to the truth of the allegations

19  contained in said paragraph, and on that basis denies each and every allegation contained therein.

20       75.    Answering Paragraph 75 of Plaintiff's Complaint, CAL SPORT MEDIA re-

21  alleges each of his prior responses to the paragraph re-alleged therein.

22       76.    Answering Paragraph 76 of Plaintiff's Complaint, CAL SPORT MEDIA is

23  without sufficient knowledge or information to form a belief as to the truth of the allegations

24  contained in said paragraph, and on that basis denies each and every allegation contained therein.

25       77.    Answering Paragraph 77 of Plaintiff's Complaint, CAL SPORT MEDIA is

26  without sufficient knowledge or information to form a belief as to the truth of the allegations

27  contained in said paragraph, and on that basis denies each and every allegation contained therein.

28       78.    Answering Paragraph 78 of Plaintiff's Complaint, CAL SPORT MEDIA is

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 9 of 21
CSM AnswerCounterclaim 100311-2.wpd

1   without sufficient knowledge or information to form a belief as to the truth of the allegations

2   contained in said paragraph, and on that basis denies each and every allegation contained therein.

3           79.      Answering Paragraph 79 of Plaintiff's Complaint, CAL SPORT MEDIA re-

4   alleges each of his prior responses to the paragraph re-alleged therein.

5           80.      Answering Paragraph 80 of Plaintiff's Complaint, CAL SPORT MEDIA is

6   without sufficient knowledge or information to form a belief as to the truth of the allegations

7   contained in said paragraph, and on that basis denies each and every allegation contained therein.

8           81.      Answering Paragraph 81 of Plaintiff's Complaint, CAL SPORT MEDIA is

9   without sufficient knowledge or information to form a belief as to the truth of the allegations

10   contained in said paragraph, and on that basis denies each and every allegation contained therein.

11           82.      Answering Paragraph 82 of Plaintiff's Complaint, CAL SPORT MEDIA is

12   without sufficient knowledge or information to form a belief as to the truth of the allegations

13   contained in said paragraph, and on that basis denies each and every allegation contained therein.

14   ## AFFIRMATIVE DEFENSES

15           1.      As and for a first, separate and distinct affirmative defense to the Complaint, and

16   each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's Complaint

17   fails to state facts sufficient to constitute a cause of action against CAL SPORT MEDIA.

18           2.      As and for a second, separate and distinct affirmative defense to the Complaint,

19   and each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's

20   claims are barred under the Fair Use Doctrine.

21           3.      As and for a third, separate and distinct affirmative defense to the Complaint, and

22   each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's claims are

23   barred by the Doctrine of Estoppel.

24           4.      As and for a fourth, separate and distinct affirmative defense to the Complaint,

25   and each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's claims

26   are barred due to the lack of copyrightable subject matter.

27           5.      As and for a fifth, separate and distinct affirmative defense to the Complaint, and

28   each and every cause of action thereof. CAL SPORT MEDIA alleges that Plaintiff's claims are

1    bared by the Doctrine of Independent Creation.

2         6.      As and for a sixth, separate and distinct affirmative defense to the Complaint, and

3    each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's claims are

4    barred due to an express or implied license.

5         7.      As and for a seventh, separate and distinct affirmative defense to the Complaint,

6    and each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's claims

7    are bared by the Doctrine of Laches.

8         8.      As and for an eighth, separate and distinct affirmative defense to the Complaint,

9    and each and every cause of action thereof. CAL SPORT MEDIA alleges that Plaintiff's claims

10   are bared by a defect in the copyright registration(s).

11        9.      As and for a ninth, separate and distinct affirmative defense to the Complaint, and

12   each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's claims are

13   barred due to the lack of copyright registration(s).

14        10.     As and for a tenth, separate and distinct affirmative defense to the Complaint, and

15   each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiffs claims are

16   barred by the applicable Statute of Limitations.

17        11.     As and for a eleventh, separate and distinct affirmative defense to the Complaint,

18   and each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiffs claims

19   are barred by the Doctrine of Waiver.

20        12.     As and for a twelfth, separate and distinct affirmative defense to the Complaint,

21   and each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiffs claims

22   are barred due to improper, or the omission of, copyright notice.

23        13.     As and for a thirteenth, separate and distinct affirmative defense to the

24   Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

25   Plaintiffs claims are barred by the Doctrine of Unclean Hands.

26        14.     As and for a fourteenth, separate and distinct affirmative defense to the

27   Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

28   Plaintiff failed to mitigate his damages. The damages claimed by Plaintiff could have been

1   mitigated by due diligence on Plaintiffs part or by one acting under similar circumstances. The

2   failure to mitigate is a bar to recovery under the Complaint.

3      15. As and for a fifteenth, separate and distinct affirmative defense to the Complaint,

4   and each and every cause of action thereof, CAL SPORT MEDIA alleges on information and

5   belief that the sole and proximate cause of the acts complained of by Plaintiff were due to the

6   acts and/or omissions of persons and entities other than CAL SPORT MEDIA.

7      16. As and for a sixteenth, separate and distinct affirmative defense to the Complaint,

8   and each and every cause of action thereof, CAL SPORT MEDIA alleges that his conduct was

9   not the cause in fact, or the proximate cause, of any of the losses alleged by Plaintiff.

10      17. As and for a seventeenth, separate and distinct affirmative defense to the

11   Complaint, and each and every cause of action thereof. CAL SPORT MEDIA alleges that

12   Plaintiff's claims are barred in whole or in part by the Doctrine of Innocent Infringement.

13      18. As and for an eighteenth, separate and distinct affirmative defense to the

14   Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

15   Plaintiffs claims are barred by Plaintiffs own negligence, carelessness, recklessness, or other fault

16   in an about the matters alleged in the Complaint.

17      19. As and for a nineteenth, separate and distinct affirmative defense to the

18   Complaint, and each and every cause of action thereof. CAL SPORT MEDIA alleges that

19   Plaintiffs claims are bared by the Doctrine of Consent.

20      20. As and for a twentieth, separate and distinct affirmative defense to the Complaint,

21   and each and every cause of action thereof, CAL SPORT MEDIA alleges that Plaintiff's claims

22   are bared by Plaintiffs abandonment of their alleged rights in issue.

23      21. As and for a twenty-first, separate and distinct affirmative defense to the

24   Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

25   Plaintiffs claims are barred due to the Doctrine of Copyright Misuse.

26      22. As and for a twenty-second, separate and distinct affirmative defense to the

27   Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

28   Plaintiffs claims are barred by the First Sale Doctrine.

1    23.    As and for a twenty-third, separate and distinct affirmative defense to the

2    Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

3    Plaintiffs claims are barred by the Doctrine of Acquiescence.

4    24.    As and for a twenty-fourth, separate and distinct affirmative defense to the

5    Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

6    Plaintiffs claims are barred by the Doctrine that One Who Seeks Equity Must Do Equity.

7    25.    As and for a twenty-fifth, separate and distinct affirmative defense to the

8    Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

9    Plaintiffs claims are barred by the Doctrine of Unjust Enrichment.

10    26.    As and for a twenty-sixth, separate and distinct affirmative defense to the

11    Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

12    Plaintiffs claims are barred due to the uncertainty of the pleadings in the Complaint.

13    27.    As and for a twenty-seventh, separate and distinct affirmative defense to the

14    Complaint, and each and every cause of action thereof, CAL SPORT MEDIA alleges that

15    Plaintiffs claims are barred by the First Amendment to the U.S. Constitution.

16    WHEREFORE, this answering CAL SPORT MEDIA prays for judgment as follows:

17    1.    That Plaintiff takes nothing by his Complaint;

18    2.    For reasonable attorney's fees and costs of suit incurred herein; and

19    3.    For such other and further relief as the Court deems just and proper.

20

21                                    Respectfully submitted,

22                                    RAY K. SHAHANI
                                      ATTORNEY AT LAW

23    Dated: October 3, 2011         By: _____

24                                    Ray K. Shahani, Esq.
                                      **Attorney for Defendants John C. Green,**

25                                    **Louis J. Lopez and John C. Pyle**

26    ///

27    ///

28

## COUNTERCLAIM FOR DAMAGES

1.      This is a counterclaim for damages for the actions of JASON O. WATSON (hereafter "Watson"or "Plaintiff'), and DOES 1 through 10, inclusive (collectively "Counterdefendants") for the actions of each of them, in damaging JOHN C. GREEN, LOUIS J. LOPEZ, JOHN C. PYLE (hereafter collectively "CAL SPORT MEDIA"," or "Counterclaimants").

### JURISDICTION & VENUE

2.      This Court has jurisdiction of this matter under 28 U.S.C. §§ 1332, 1338 and 1367. The issues in the underlying dispute generally involve matters of federal copyright law, and this Counterclaim is based on state-law claims arising from Counterdefendants' conduct in this dispute, including breach of contract, interference with contract, business defamation and slander, intentional infliction of emotional distress, unfair business practices, unjust enrichment, and conspiracy.

3.      Venue is proper in this judicial district under 28 U.S.C. §1391. All of the allegations arise from facts, situations and circumstances identical to those described in Counterdefendants complaint against CAL SPORT MEDIA for affirmative relief, a substantial part of the events alleged occurred in this judicial district, and the Counterdefendants are subject to personal jurisdiction in this judicial district.

### PARTIES

4.      Counterclaimant JOHN C. GREEN is an individual and citizen of Beaumont, California. Counterclaimant LOUIS J. LOPEZ is an individual and citizen of Fontana, California. Counterclaimant JOHN C. PYLE is an individual and citizen of Buellton, California. JOHN C. GREEN, LOUIS J. LOPEZ, JOHN C. PYLE co-own and operate as partners in CAL SPORT MEDIA.

5.      On information and belief, Plaintiff and Counterdefendants Watson is an individual residing in Santa Clara County in the State of California, and a party to this action. Counterclaimant does not know the true names of Counterdefendants DOES 1 through 10, inclusive, and therefore sues them by those fictitious names.

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 14 of 21
CSM AnswerCounterclaim 100311-2.wpd

6.     On information and belief, each Counterdefendants sued herein was acting as the agent or employee of each of the other Counterdefendants, and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment, and/or authorized, ratified, aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

## FACTUAL ALLEGATIONS

7.     WATSON is employed as a full-time librarian.

8.     There is no single, written agreement document signed by both WATSON and MARIN.

9.     MARIN sent WATSON their standard "Photographer Representative Agreement" document on Oct. 31, 2007.  This document was not signed by either party.

10.     WATSON subsequently signed a version he amended by hand. WATSON subsequently signed a second version in which WATSON's hand-written amendments were incorporated into the WORD version.

11.     MARIN never accepted any version of any agreement document with amendments by WATSON.

12.     In early 2011, Plaintiff's Attorney CAROLYN E. WRIGHT (hereafter "WRIGHT") contacted Counterclaimants regarding their alleged infringement of Plaintiff's copyright. Plaintiff's Attorney demanded immediate payment from Counterclaimants and indicated that if Counterclaimants failed to pay the demanded sum they would be subjected to lawsuit.

13.     Counterclaimants attempted to resolve this matter informally, but was continually subjected to harassment, oppression and unreasonable demands for payment. The California Supreme Court has held that conduct such as this amounts to extortion as a matter of law. See Flalley 1'. Mauro, 39 CalAth 299, 328-29 WA (2006).

## FIRST CAUSE OF ACTION

### (Breach of Contract, CCP 1559)

14.     Civil Code section 1559 provides: "A contract, made expressly for the benefit of

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 15 of 21
CSM AnswerCounterclaim 100311-2.wpd

1    a third person, may be enforced by him at any time before the parties thereto rescind it."

2        15.    On October 31, 2007, JOSE MARIN (hereafter "MARIN") tendered a written

3    PHOTOGRAPHER REPRESENTATIVE AGREEMENT to WATSON. The "Agreement"

4    between WATSON and MARIN comprised terms included in either or both or neither of the

5    Agreement tendered to WATSON on October 31, 2007 as well as that version of Exhibit A of the

6    Plaintiff's Complaint, said Agreement was made expressly for the benefit of "Clients" of

7    MARIN, i.e., end-user purchasers and/or licensees of photographic images.

8        16.    CAL SPORT MEDIA is a client and licensee of MARIN, in that CAL SPORT

9    MEDIA receives images from MARIN for sales and licensing. Upon sale or license of images

10   received from MARIN, CAL SPORT MEDIA transmits commission in the amount of 50% of the

11   sale price or licensing royalty amount to MARIN as per a written agreement between MARIN

12   and CAL SPORT MEDIA. MARIN has agreed to indemnify CAL SPORT MEDIA against

13   claims by third parties arising from their written agreement.

14       17.    WATSON breached the agreement between himself and MARIN by committing

15   the following acts or omissions:

16       -     WATSON competed directly with MARIN and, consequently, with all of the

17             Clients of MARIN, by engaging in sales and marketing and licensing of the exact

18             same images he transmitted to MARIN for sales and/or licensing by Clients of

19             MARIN;

20       -     WATSON failed to provide images as promised, resulting in MARIN having a

21             very small number of images to market for sales or licensing;

22       -     WATSON failed to attach proper, complete metadata to his images prior to

23             transmission to MARIN as required by the Agreement with MARIN;

24       -     WATSON failed to provide images as requested by MARIN;

25       -     WATSON failed to inform MARIN and its Clients, including but not limited to

26             CAL SPORT MEDIA, when and on what basis he terminated his agreement with

27             MARIN.

28       18.    By breaching of the agreement with MARIN, WATSON has caused damages to

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 16 of 21
CSM AnswerCounterclaim 100311-2.wpd

1  CAL SPORT MEDIA. WATSON has sued agents and sub-agents and Clients of CAL SPORT

2  MEDIA who relied upon the representations made by WATSON in his Agreement with MARIN,

3  thus interfering with agreement and contracts between CAL SPORT MEDIA and other third

4  parties, WATSON has slandered and defamed the good will and reputation of CL SPORT

5  MEDIA to the extent that CAL SPORT MEDIA has and continues to suffer financially from said

6  bad acts of WATSON, WATSON has caused intentional infliction of mental distress on the part

7  of CAL SPORT MEDIA, its members individually,, their families and friends, business

8  associates, employees, etc.

9          19.      CAL SPORT MEDIA has no adequate remedy at law, and therefore, unless

10  enjoined, WATSON will cause irreparable business damages to CAL SPORT MEDIA.

11                          SECOND CAUSE OF ACTION

12                          (Civil Harassment, CCP 527.6)

13          20.      Counterclaimants re-alleges and incorporates by reference Paragraphs 1 through

14  19 above.

15          21.      WATSON has engaged in a willful and intentional course of conduct that

16  annoys, alarms, threatens and harasses innocent individuals and businesses related to alleged

17  unlawful or unauthorized use of allegedly his photographic images.

18          22.      Said "course of conduct" by WATSON has been a pattern of conduct composed

19  of a series of acts over a period of time, however short, committed by both WATSON and his

20  attorney WRIGHT, acting under color of law, evidencing a continuity of purpose, including

21  following and stalking the individual members of CAL SPORT MEDIA and its clients and sub-

22  agents and customers, making harassing telephone calls of CAL SPORT MEDIA and its clients

23  and sub-agents and customers, sending harassing email, letters, and other correspondence to

24  members of CAL SPORT MEDIA and its clients and sub-agents and customers, by means

25  including, but not limited to, public and private mails, interoffice mail, fax, and/or computer

26  e-mail.

27          23.      The course of conduct has been such as would cause a reasonable person to

28  suffer substantial emotional distress, and has actually caused substantial emotional distress to the

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 17 of 21
CSM AnswerCounterclaim 100311-2.wpd

1   individual COUNTERCLAIMANTS, i.e., JOHN C. GREEN, LOUIS J. LOPEZ, AND JOHN C.

2   PYLE.

3        24.     CAL SPORT MEDIA is entitled to reasonable attorneys fees for violation of

4   CCP 527.6.

5        25.     CAL SPORT MEDIA has no adequate remedy at law, and therefore, unless

6   enjoined, WATSON will cause irreparable business damages to CAL SPORT MEDIA.

7   THIRD CAUSE OF ACTION

8   (Defamation, Slander and Libel, CCP 44 et seq.)

9        26.     Counterclaimants re-alleges and incorporates by reference Paragraphs 1 through

10  25 above.

11       27.     WATSON has committed acts of libel against CAL SPORT MEDIA and each of

12  its partners by his false and unprivileged publications, by his writing, printing, and other fixed

13  representation to the eye, such as in the form of a publically filed Complaint, which exposes the

14  partners of CAL SPORT MEDIA to hatred, contempt, ridicule, or obloquy, and which has caused

15  CAL SPORT MEDIA and its members to be shunned or avoided, and which has had the

16  tendency to injure CAL SPORT MEDIA and its partners in their occupation.

17       28.     Said defamation is libel on its face.

18       29.     WATSON has engaged in slander, a false and unprivileged publication, orally

19  uttered, or communicated by mechanical means, which has injured CAL SPORT MEDIA and its

20  partners in respect to their office, profession, trade and business, by imputing to them general

21  disqualification in those respects which the occupation peculiarly requires, i.e., honesty with

22  respect to payment of royalty fees to artists and photographers, and by imputing dishonesty with

23  reference to the profession, trade, and business of photographic image licensing that has a natural

24  tendency to lessen its profits, and, which by natural consequence, causes actual damage.

25       30.     CAL SPORT MEDIA has no adequate remedy at law, and therefore, unless

26  enjoined, WATSON will cause irreparable business damages to CAL SPORT MEDIA.

27  FOURTH CAUSE OF ACTION

28  (Intentional Infliction of Emotional Distress)

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 18 of 21
CSM AnswerCounterclaim 100311-2.wpd

1        31.     Counterclaimants re-alleges and incorporates by reference Paragraphs 1 through

2    30 above.

3        32.     Counterdefendants' conduct alleged in this Counterclaim was outrageous.

4    Counterdefendants intended to cause, or had a reckless disregard of the probability of causing,

5    emotional distress to Counterclaimant. Counterclaimant did suffer severe emotional distress

6    which was actually and proximately caused by Counterdefendants conduct. Counterdefendants

7    damaged Counterclaimant in an amount to be demonstrated at trial.

8    FIFTH CAUSE OF ACTION

9    (Unfair Business Practices - CaL Bus. & Prof Code Section §17200, et seq)

10       33.     Counterclaimants re-alleges and incorporates by reference Paragraphs 1 through

11   32 above.

12       34.     The aforesaid acts of Counterdefendants, and each of them, constitute unfair

13   competition, all in violation of Cal. Bus. & Prof. Code Section § 17200, c/ seq. , (West 2008).

14       35.     As a direct and proximate result of Counterdefendants' unlawful actions,

15   Counterclaimant has suffered and will continue to suffer irreparable injury. Counterclaimant is

16   entitled to preliminary and permanent injunctive relief, and recovery of monetary damages

17   according to proof.

18   SIXTH CAUSE OF ACTION

19   (Unjust Enrichment)

20       36.     Counterclaimants re-alleges and incorporates by reference Paragraphs 1 through

21   35 above.

22       37.     By the aforesaid wrongful acts, Counterdefendants, and each of them, have and

23   are attempting to unjustly enrich themselves.

24       38.     As a direct and proximate result of Counterdefendants' unlawful actions,

25   Counterclaimant has suffered and will continue to suffer irreparable injury. Counterclaimants are

26   entitled to an award of monetary relief, costs, and reasonable attorney's fees.

27   SEVENTH CAUSE OF ACTION

28   (Conspiracy)

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 19 of 21
CSM AnswerCounterclaim 100311-2.wpd

39.     Counterclaimants re-alleges and incorporates by reference Paragraphs 1 through 38 above.

40.     By the aforesaid wrongful acts, Counterdefendants, and each of them, conspired with one another to commit the wrongful acts alleged above.

41.     As a direct and proximate result of Counterdefendants' unlawful actions, Counterdefendants, and each of them, are jointly and severally liable for payment of the damages prayed for herein.

EIGHTH CAUSE OF ACTION

(Punitive or Exemplary Damages)

42.     Counterclaimants re-alleges and incorporates by reference Paragraphs 1 through 41 above.

43.     The aforesaid wrongful acts of Counterdefendants, were willful, wanton and malicious, and were undertaken with the intent to injure Counterclaimants, and, further, with a knowing and intentional disregard for Counterclaimants' rights.

44.     By reason of the foregoing acts, and by way of example, Counterclaimant is entitled to punitive or exemplary damages in an amount according to proof.

RELIEF

WHEREFORE, Counterclaimants pray:

1.     That Counterdefendants, and each of them, their agents and servants be enjoined during the pendency of this action and permanently from threatening to expose or impute disgrace or crime to Counterclaimants;

2.     That Counterdefendants, and each of them, their agents and servants be compelled to pay jointly and severally all actual, consequential, incidental, statutory, punitive, exemplary, pre-judgment interest and other damages caused by or awardable due to the wrongful acts above;

3.     That Counterdefendants, and each of them, be required to pay Counterclaimants' reasonable attorney's fees and costs of this action; and

4.     That Counterclaimants receive such other and further relief as this Court deems

Answer to Complaint and Counterclaims
Watson v. Marin et al.

Page 20 of 21
CSM AnswerCounterclaim 100311-2.wpd

1 | just and proper.

2

3 |                                          RAY K. SHAHANI
                                             ATTORNEY AT LAW
4

5 | Dated: October 3, 2011        By: _____
                                       Ray K. Shahani, Esq.
6 |                                    **Attorney for Counterclaimants**
                                       **John C. Green, Louis J. Lopez, John C. Pyle**

7

8 |                          **DEMAND FOR JURY TRIAL**

9 |        Plaintiff hereby demands a jury trial of all issues in the above-captioned action which are

10 | triable to a jury.

11

12 |                                         **RAY K. SHAHANI**
                                            **ATTORNEY AT LAW**
13

14 | Dated: October 3, 2011        By: _____
                                       Ray K. Shahani, Esq.
15 |                                    **Attorney for Defendants and Counterclaimants**
                                       **John C. Green, Louis J. Lopez, John C. Pyle**

16

17

18 |              **CERTIFICATION RE INTERESTED PARTIES OR PERSONS**

19 |        **Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than**

20 | **the named parties, there is no such interest to report.**

21

22 |                                          RAY K. SHAHANI
                                             ATTORNEY AT LAW
23

24 | Dated: October 3, 2011        By: _____
                                       Ray K. Shahani, Esq.
25 |                                    **Attorney for Defendants and Counterclaimants**
                                       **John C. Green, Louis J. Lopez, John C. Pyle**

26

27

28

1

### PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF SAN MATEO

2

3      I am employed in the county of San Mateo, State of California. I am over the age of 18 and not a party to the within action; my business address is Twin Oaks Office Plaza, 477 Ninth Avenue, Suite 112, San Mateo, CA 94402-1854.

4

5      On ___**October 5 2011**___, I served the foregoing document described as :

6      1.      ANSWER OF JOHN C. GREEN, LOUIS J. LOPEZ, AND JOHN C. PYLE TO COMPLAINT AND COUNTERCLAIMS.

7

8      on parties on the mailing list.

9      _____ by placing the true cop(ies) thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

10      _____   BY FIRST CLASS MAIL

11            I deposited such envelope in the mail in San Mateo, California. The envelope was mailed with postage thereon fully prepaid.

12      __X__   BY ELECTRONIC MAIL

13            I caused each document to be sent by Electronic Mail to the email address(es) indicated in the mailing list.

14      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at SAN MATEO, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17      Mailing List:

18

| Attorney for Plaintiff:<br>Carolyn E. Wright, Esq.<br>Law Office of Carolyn E. Wright LLC<br>P.O. Box 430<br>Glenbrook, NV 89413<br>cewright@cewrightlaw.com | Attorney for Mainstream Data Inc.<br>Lincoln D. Bandlow, Esq.<br>Lathrop & Gage LLP<br>1888 Century Park East Suite 1000<br>Los Angeles, CA 90067<br>Lbandlow@lathropgage.com |
|---|---|
| Attorney for Jose L. Marin<br>John Faustino Bazan, Esq.<br>John F. Bazan Law Offices<br>7743 S. Painter Ave., Suite A<br>Whittier, CA 90602<br>johnfbazan@yahoo.com | Scott McKiernan<br>Zuma Press<br>scott@zumapress.com |

19
20
21
22
23
24

25      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26

27      Executed on ___October 5 2011___, at San Mateo, California.

28

LEO K. LAI